## GALE *v.* LISBON.

A traveller, who in meeting another turns to the left, but does not thereby occasion injury to any one but himself, is not a violator of law, and is not barred from maintaining an action against a town to recover for injuries sustained in consequence of an obstruction on the left hand side of the highway, with which he is thereby brought in contact.

CASE, by John F. Gale against the town of Lisbon, to recover damages alleged to have been caused by an incumbrance in the highway.

At the place of the accident there was a log lying in the highway, near the sidewalk, and about parallel with its western side. Upon the night before the accident a light snow, of three or four inches in depth, had fallen. The log was so covered by the new snow, that the plaintiff (as he testified) did not discover that there was anything there before he came in contact with it. It appeared that the plaintiff was driving down southerly, over the highway, with a single horse and sleigh, and overtook a large load of logs upon a sled drawn by four oxen; and seeing another single horse and sleigh coming up towards him, a rod or two below the front yoke of oxen, which appeared to be coming up on the west side of said load of logs, he (plaintiff) turned to the left; and in attempting to pass on the east of this load, and between it and the sidewalk, his left sleigh-runner hit the upper end of the above described log, whereby the plaintiff was thrown out of his sleigh and injured. The plaintiff's sleigh was three feet and three inches wide in the widest part. The space between the sidewalk and the load of logs was stated by different witnesses as being from four and a half to eight feet wide, and there was sufficient room on the west side of said load for both single sleighs to have met and passed each other without difficulty, where the road was well trod and smooth.

The defendants asked the court to rule and instruct the jury that the plaintiff had the right to that part of the highway which lay upon the right of the centre of the travelled part of the highway, and was bound to go upon that side, and that, as matter of law, he would be in fault if he attempted to go upon the other side; also, that the plaintiff was bound to keep to the right of the centre of the travelled track, and that if he turned to the left, and his turning to the left contributed to the accident, he could not recover:—all which the court declined to do, but did instruct them that, as between the plaintiff and the driver of the other single sleigh which was coming to meet him, each had the right, as against the other, to that part of the highway which lay to his right of the centre of the travelled track, and it was the duty of each, as between themselves, thus to turn to the right; but that, as between the plaintiff and the town, the plaintiff might pass over any part of the highway, if, in doing so, he was in the exercise of ordinary care and prudence; but that, whether he was thus in the exercise of

ordinary care and prudence, was a question of fact and not of law; that if the plaintiff was in any fault in this respect, and that fault contributed in any degree to the accident, he could not recover ; but that, if the plaintiff was in no fault that contributed at all to the accident, and his injury was caused by the insufficiency of the highway, he might recover.

To the refusal of the court to give the instructions requested, the defendants excepted; and they also excepted to the instructions given, so far as they differed from those requested.

Verdict for the plaintiff, which the defendants moved to set aside.

*C. W. & E. D. Rand* and *H. & G. A. Bingham,* for the plaintiff.

*Carpenter (Pike & Blodgett* with him), for the defendants, submitted the following printed argument :

I. The act of the plaintiff in turning to the left was criminal,—a public misdemeanor. It was neither accidental nor necessary. The plaintiff was therefore liable to the penalty imposed by law. Gen. Stats., ch. 69, sec. 9.

II. A person guilty of contributory negligence can never recover damages for an injury occasioned by a defendant's mere act of negligence, unless the defendant might, by the exercise of ordinary care, after becoming aware of the plaintiff's dangerous situation, have avoided the injury. No one is bound to anticipate and provide in advance against another's negligence. The presumption is, that every one will exercise ordinary care. It follows, that in general there can be no recovery in such case, except where the injury is occasioned by the negligent acts of a voluntary agent present at the time, and that the question, whether a person guilty of such contributory negligence may recover against a town damages caused by defects in a highway, can seldom or never arise. *Bridge* v. *Railway,* 3 M. & W. 244 ; *Parker* v. *Adams,* 12 Met. 419 ; *Welch* v. *Wesson,* 6 Gray 505 ; *Spofford* v. *Harlow,* 3 Allen 176 ; *Lovett* v. *Railroad,* 9 Allen 557 ; *Kennard* v. *Burton,* 12 Shep. 39 ; *Fisk* v. *Wait,* 104 Mass. 71 ; *Steele* v. *Burkhardt,* 104 Mass. 59 ; *Kearns* v. *Sowden,* 104 Mass. 63, note ; *Brownell* v. *Flagler,* 5 Hill 282 ; *Dowell* v. *Navigation Co.,* 5 E. & B. 195 ; *Tuff* v. *Warman,* 2 C. B. (N. S.) 740, and same case in error, 5 C. B. (N. S.) 573 ; *Dimes* v. *Petley,* 15 Q. B. 276 ; *Wilkinson* v. *Fairrie,* 1 Hurl. & C. 633.

III. That a person, engaged in the commission of a voluntary trespass, or of crime, is (1) Not in the exercise of ordinary care, and (2) That his want of such care,—that is to say, his misconduct,—contributes to produce any injury received by him while so engaged, and arising from mere acts of negligence committed by the party sought to be charged prior to the inception of the crime or wrong-doing, are, we submit, conclusions of law, and not questions of fact for the jury. *Brooks* v. *Hart,* 14 N. H. 307 ; *Jones* v. *Andover,* 10 Allen 18 ;

*Bosworth* v. *Swanzey,* 10 Met. 363 ; *Gavett* v. *Railroad,* 16 Gray 501 ;
*Gahagan* v. *Railroad,* 1 Allen 187 ; *Snow* v. *Railroad,* 8 Allen 448 ;
*Foot* v. *Wiswall,* 14 Johns. 304 ;—and see cases herein before and after
cited.

IV. A mere trespasser,—*a fortiori,* a criminal wrong-doer,—cannot
recover in such case, for the further and independent reason that he is
unlawfully and wrongfully there, at the place of the accident.   No man
is bound to anticipate that his neighbor will commit either a trespass
or a crime, and cannot therefore be bound to provide in advance for his
safety in that event.   Where there is no duty, there can be no negli-
gence.   The distinction between mere acts of negligence committed be-
fore, and such acts committed after the defendant has become aware of
the plaintiff's misconduct, or rather of his situation in consequence
thereof, is broad and obvious, and runs through all the authorities.   A
distinction has also been taken, in some few cases, between prior acts
of mere negligence, and prior acts wilfully committed in anticipation
of a trespass and with an intent to injure.   *Blythe* v. *Topham,* Cro.
Jac. 158 ; *Brooks* v. *Copeland,* 1 Esp. 203 ; *Jefferies* v. *Duncombe,* 11
East 226 ; *Deane* v. *Clayton,* 7 Taunt. 489 ; *Ilott* v. *Wilkes,* 3 B. &
Ald. 304 ; *Bird* v. *Holbrook,* 4 Bing. 628 ; *Sarch* v. *Blackburn,* 4 C. &
P. 297 ; *Jordin* v. *Crump,* 8 M. & W. 782 ; *Davies* v. *Mann,* 10 M.
& W. 546 ; *Lygo* v. *Newbold,* 9 Exchq. 302 ; *Railway* v. *Harrison,* 10
Exchq. 376 ; *Cornwall* v. *Commissioner,* 10 Exchq. 771 ; *Fawcett* v.
*Railway,* 16 Q. B. 610 (2 E. L. & E. 289) ; *Ricketts* v. *Railway,* 12
C. B. 160 (12 E. L. & E. 520, and note) ; *Sharrod* v. *Railway,* 4 Exchq.
580 ; *Degg* v. *Railway,* 1 H. & N. 773 ; *Hardcastle* v. *Railway,* 4 H.
& N. 67 ; *Bolch* v. *Smith,* 7 H. & N. 736 ; *Hounsell* v. *Smyth,* 7 C. B.
(N. S.) 731 ; *May* v. *Burdett,* 9 Q. B. 101 ; *Stone* v. *Jackson,* 12 C.
B. 199 ; *Barnes* v. *Ward,* 9 Q. B. 392 ; *Bush* v. *Brainard,* 1 Cow. 78 ;
*Trow* v. *Railroad,* 24 Vt. 487 ; *Bemis* v. *Railroad,* 42 Vt. 375 ; *Sweeney* v.
*Railroad,* 10 Allen 368 ; *Elliot* v. *Pray,* 10 Allen 378 ; *Zoebisch* v.
*Tarbell,* 10 Allen 385 ; *Frost* v. *Railroad,* 10 Allen 387 ; *Fox* v. *Sackett,*
10 Allen 535 ; *Woolson* v. *Railroad,* 19 N. H. 267 ; *Towns* v. *Railroad,*
21 N. H. 363 ; *Chapin* v. *Railroad,* 39 N. H. 564 ; *White* v. *Railroad,*
30 N. H. 188 ; *Smith* v. *Railroad,* 35 N. H. 356 ; *Shepherd* v. *Hees,* 12
Johns. 434 ; *Hartfield* v. *Roper,* 21 Wend. 615 ; *Railroad* v. *Munger,*
5 Denio 255 ; *Vanderburgh* v. *Truax,* 4 Denio 464 ; *Howe* v. *Castleton,*
25 Vt. 162 ; *White* v. *Twitchell,* 25 Vt. 620 ; *Howland* v. *Vincent,* 10
Met. 371 ; *Bryant* v. *Biddeford,* 39 Me. 193.

Upon the same principle rests the doctrine maintained by all the
cases on the subject, so far as I can find, that a person injured by rea-
son of defects in a highway can in no event recover damages therefor,
unless he is at the time of the accident in the legitimate and proper
use of the highway for some purpose for which the town is bound to
maintain it.   It is not enough even to show that he was merely right-
fully there.   *Sykes* v. *Pawlett,* 43 Vt. 446 ; *Stickney* v. *Salem,* 3 Allen
374 ; *Blodgett* v. *Boston,* 8 Allen 237 ; *Heland* v. *Lowell,* 3 Allen 407 ;
*Gregory* v. *Adams,* 14 Gray 248 ; *Davis* v. *Dudley,* 4 Allen 557 ;

*Bosworth* v. *Swanzey*, 10 Met. 363 ; *Richards* v. *Enfield*, 13 Gray 346 ; *Jones* v. *Andover*, 10 Allen 18 ; *Hamilton* v. *Boston*, 14 Allen 475 ; *Stanton* v. *Railroad*, 14 Allen 485 ; *Murch* v. *Railroad*, 29 N. H. 9 ; *Abbott* v. *Wolcott*, 38 Vt. 666.

So, if a traveller voluntarily and without necessity diverge from the travelled path, and injury result, he cannot recover. *Rice* v. *Montpelier*, 19 Vt. 470 ; *Cassedy* v. *Stockbridge*, 21 Vt. 391.

The damage must be sustained in *using* the road. *Griffin* v. *Sanbornton*, 44 N. H. 248, and cases cited ; *Ball* v. *Winchester*, 32 N. H. 444 ; *Holman* v. *Townsend*, 13 Met. 297 ; *Smith* v. *Dedham*, 8 Cush. 524 ; *Baxter* v. *Turnpike*, 22 Vt. 114 ; *Tisdale* v. *Norton*, 8 Met. 388.

V. In regard to the distinction taken by the court between the obligation of the plaintiff to the town and to the party whom he was meeting, it is submitted,—

1. It is unfounded in law. No such distinction exists. The duty of the plaintiff to turn to the right was not a mere private duty, owing only to the party whom he was about to meet: it was also a public duty. For a violation of the one, the plaintiff, by express provision of the statute, is made liable, as indeed he would be without such provision, for all damages thereby occasioned ; while, for a violation of the other, he is subjected to a criminal prosecution and to a fine to be paid to the county. 1 Bish. Cr. Law, ch. 32, sec. 532. Undoubtedly the object of the law is to provide for the safety and protection of parties meeting upon the highway, " to facilitate and render safe the public travel, and to prevent all interruptions thereof." *Brooks* v. *Hart*, 14 N. H. 309. But the purpose of all criminal laws is the protection of individual members of society in the exercise of their rights ; and it might with quite as much propriety be said that the thief, or burglar, violates only a private duty to the party injured.

2. Even if it were otherwise, it would make no difference here. (1) A person is not in the exercise of ordinary care while voluntarily trespassing, criminally or otherwise, upon anybody. (2) One is certainly under no more obligation to provide in advance for the safety of a wrong-doer to his neighbor, than to himself. A trespasser, who falls into a pit which a stranger has carelessly left uncovered, can no more recover against such stranger than against the land-owner. See *Corby* v. *Hill*, 4 C. B.(N. S.) 556. So, although cattle trespassing upon the field of A, adjoining to the field of B, have, as between their owner and B, a right to be there—in the sense that B cannot complain of their being there—yet such owner cannot recover of B any damages which they may sustain by reason of his neglect to maintain his fences, or by reason of his antecedent negligence in any particular. A man cannot, by doing a wrong to one neighbor, impose a duty upon another. The question has respect solely to the character or *status* of the plaintiff as a wrong-doer : to whom the wrong is done is wholly immaterial. (3) It is a conclusion of law, that a person, voluntarily and unnecessarily turning to the left, is guilty of such negligence *quoad* the party met as to make him responsible for all the damages thereby occasioned to such

party (provided, of course, the latter exercise ordinary care). *Brooks* v. *Hart*, above cited. Suppose that both parties are injured through the joint effect of a collision and defects in the highway: if the distinction taken by the court be a sound one, it follows that the party turning to the left may at the same time, and on account of the same identical act, be punished by indictment and fine, condemned in damages to the other party, and recover of the town the damages which he himself sustained. What rule of damages would be laid down by a court which should uphold such an action against the town, affords matter of curious speculation. I venture to suggest, as not improbable, that the plaintiff would be held entitled to recover, in addition to his personal damage, the damages he may have been compelled to pay to the other party, the fine, all costs and counsel fees, together with such further sum as the jury may think reasonable for his trouble and expenses.

VI. The three following cases in our own reports are sometimes cited as maintaining a contrary doctrine:

1. *Dutton* v. *Weare*, 17 N. H. 34, in which, however, the question did not arise. The head note is incorrect. The point decided is merely that lawful travelling on Sunday affords no objection to a recovery, and is correctly stated in Morrison's Digest, p. 412, ¶ 357.

2. *Corey* v. *Bath*, 35 N. H. 530, in which the point decided is precisely the same.

PERLEY, C. J., says, however, in that case,—"Even if the plaintiff's travelling on Sunday were to be held a violation of law, as the illegality of his act could have in no way contributed to the accident it would not protect the town, according to the decision in *Norris* v. *Litchfield*. In that case it was held, that though the plaintiff might have been at the time engaged in an unlawful act, it would not prevent him from recovering if the illegality of the act in no way contributed to the accident."

In respect to which we submit,—(1) The chief justice does not undertake to state his own opinion, but merely what he then understood to have been decided in the case referred to. (2) However that may be, it is a mere dictum, entitled to all the consideration which should be given to an off-hand opinion of one of the ablest and most learned judges, and to no more. (3) The question is not whether the *illegality* of the act, but whether the *illegal act*, contributes to the accident. The chief justice not only confounds the two, but also wholly misconceives, we submit, the point decided in

3. *Norris* v. *Litchfield*, 35 N. H. 271. That case went upon the ground that, under the instructions of the court below, the jury must have found (as manifestly was the fact) that the plaintiff's turning to the left was a mere accident.

Says BELL, J. (p. 278),—" The proper question, whether the fact that the plaintiff was on the left of the centre of the road was the fault of the plaintiff, or was a mere accident, was submitted to the jury;" and a recurrence to the instructions given, as stated in the case, shows that it was so. At all events, the case can be sustained upon no other

ground. That the doctrines laid down by Judge BELL in his opinion, as applied to the facts of that case, are in conflict with our position, is undeniable; but considered abstractly, as general propositions, we have small occasion to contest them. We do not claim that " a wrong-doer can maintain no action whatever," in any case, for injuries caused by another's negligence : what we do claim has been already stated.

We ask the especial attention of the court to that portion of the opinion of Judge BELL, to be found upon pp. 277–279, in connection with the authorities there cited, and submit that that distinguished judge quite overlooked the distinction between antecedent and subsequent negligence, and fell into an error similar to that of the court in *Railroad* v. *Munger*, 5 Denio 255, and the same case on appeal, 4 Coms. 349, there cited, but in the opposite direction. See, also, the remarks of SARGENT, J., in *Winship* v. *Enfield*, 42 N. H. 203.

VII. Whether a given act is innocent or criminal, is always, if there be any conflict of testimony, a question for the jury.

If an act, otherwise criminal, be purely accidental, it is innocent, and an act involuntarily committed, if there be no want of ordinary care and prudence, may well be deemed accidental. This is in effect the doctrine of *Norris* v. *Litchfield*. But where the act is voluntary, as in this case, a different rule applies : in order to excuse or justify it, it must appear that it was necessary, that it was unavoidable. Whether it was so or not in this case was the only proper question for the jury,—there being no evidence tending to show that it was accidental or involuntary. *Brooks* v. *Hart*, 14 N. H. 312, WOODS, J.; *Com.* v. *Allen*, 11 Met. 403; *Spofford* v. *Harlow*, 3 Allen 176; *Regina* v. *Dunnett*, 1 C. & K. 425; 1 Bish. Cr. Law, secs. 441–449; Broom's Legal Maxims 239; *Rathburn* v. *Payne*, 19 Wend. 399. And the burden of proof is upon the plaintiff to show the necessity. *Bosworth* v. *Swanzey*, 10 Met. 363. Even if it were shown that the act were necessary and unavoidable, there may be ground to contend that it is mere matter in excuse of the plaintiff, and cannot enable him to maintain an action ; that the plaintiff's " position in such case, if not his fault, is nevertheless his misfortune, the consequences of which he cannot throw off upon another." It was so held by BRONSON, J., in *Rathburn* v. *Payne*, 19 Wend. 399–401.

VIII. Upon the most favorable view for the plaintiff that can be taken of the case of *Norris* v. *Litchfield*, the instructions secondly requested should have been given.

IX. The instructions given wholly withdrew from the jury the fact that the plaintiff turned to the left, as a circumstance to be considered by them in determining whether the plaintiff was at the time in the exercise of ordinary care. The jury were, in effect, told to lay that fact entirely out of the case.

*Carpenter*, in oral argument, also took the following positions :
The party met is necessarily "injured." " Injured" does not refer to pecuniary damage, but to the invasion of a right. In the statute of

July 2, 1822, the word used was " aggrieved." The man meeting Gale was " aggrieved" because Gale invaded his territory. The limitation in the statute as to the person of the complainant is no more effective than the limitation as to time. If the time limited had expired, still the act was once punishable—punishable when committed. The criminality of the act could not depend upon whether complaint was made, or whether there was a person *in esse* who could complain. Suppose the other party met is instantly killed by the collision : no complaint could be made. The language of the statute is explicit, that it is a violation : " no complaint for such *violation* shall be sustained, unless" &c. Suicide is not punishable, but is it not criminal? The manifest intent of the law was to compel all persons to turn to the right. The obvious purpose of the tenth section (of ch. 69, Gen. Stats.) was to prevent malicious complaints under this statute. Our position does not rest on the ground that the act was illegal, and punishable as a crime, but that the plaintiff was where he had no right to be ; that this was a violation of duty forbidden by law. No matter whether the act was criminal, if it was contrary to law.

SMITH, J. Turning to the left is not an offence at common law. It is not criminal or illegal, except so far as it is made so by legislative enactment. The statute on this subject is as follows :

" SEC. 8. Whoever, travelling with any vehicle, meets any other person so travelling on a highway or bridge, shall seasonably turn to the right of the centre of the travelled part of the road, so as to enable such person to pass with his vehicle without interference.

" SEC. 9. Every person violating the provisions of the preceding section shall be fined not less than one nor more than ten dollars, and shall be liable for the damages occasioned thereby.

" SEC. 10. No complaint for such violation shall be sustained unless made by the person injured, or some other by his authority, within ninety days after the offence ; and no action shall be sustained for the damages occasioned thereby, unless brought within one year." Gen. Stats., ch. 69, secs. 8–10.

Under this statute no punishment can be inflicted on the traveller turning to the left, unless he thereby occasioned damage to some one else ; for the statute expressly prohibits complaints, unless made by the authority of " the person injured." It would be extraordinary to hold an act criminal which confessedly is not punishable. Whether wisely or unwisely, the legislature have seen fit to make the criminality or legality of the act dependent on its results. We think that the three sections, taken together, amount to this : If a traveller, in meeting another, turns to the left, he does so at the peril of being treated as a criminal in case injury is thereby occasioned to another person ; but, if he is fortunate enough not to harm any one, he is not regarded as the doer of an illegal act. The legal quality of his act depends on its results.

The present plaintiff did not, by turning to the left, occasion damage

to any one else. It follows that his act was not illegal, and that he was not a wrong-doer.

Under this view, it becomes unnecessary to consider the soundness of that portion of the defendants' very able argument, which is based upon the proposition that the plaintiff was a violator of law.

*Judgment on the verdict.*